# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID KUTRIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1996 CEJ |
| | ) | |
| CORRECTIONAL MEDICAL | ) | |
| SERVICES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 et seq. Named as defendants are: Correctional Medical Services ("CMS"); the City of St. Louis; Dwayne Darden (corrections officer); Eugene Stubblefield (Superintendent of the St. Louis City Justice Center); Santiago Hallazago (physician); Uknown McMorris (corrections officer); Rosalind Parrett (nurse); Louis Capriglone (nurse); and Deborah Dee (ADA compliance officer for the City of St. Louis).

Plaintiff claims that during the time he was incarcerated in the St. Louis City Justice Center, "defendants" were deliberately indifferent to his serious medical needs. Specifically, plaintiff asserts that his left leg is impaired, such that he suffers from a handicap. He claims that after a fall in a "non-ADA compliant" shower at the Justice Center, a screw installed in his leg (after a previous injury) was fractured. Plaintiff claims that "defendants" were deliberately indifferent to his need for assistance in the shower and that they would not allow him the use of his crutches. Plaintiff additionally asserts that defendant Darden put him in danger by denying him adequate means to steady himself in the shower, giving him only a plastic chair to use while showering. He asserts that defendant CMS and defendant Hallazago knew of the fractured screw but failed to offer treatment or refer him to a specialist to deal with the injury until eleven months after learning of the fracture. Plaintiff asserts that defendant Hallazago was deliberately indifferent to his medical needs even after he was provided surgery for his injury because he failed to allow him to use his crutches and failed to provide him with his prescription medication. Lastly, plaintiff claims that defendant Dee was remiss in failing to do annual inspections at the Justice Center to ensure it was in compliance with the ADA with respect to their treatment of his alleged handicap. Plaintiff asserts that he learned about defendants' deliberate indifference during discovery in a prior

lawsuit. Plaintiff has not made any specific allegations against defendants Stubblefield, McMorris, Parrett or Capriglone.

**Plaintiff's Prior Lawsuit**

On March 1, 2005, plaintiff filed a lawsuit against the St. Louis City Justice Center, the City of St. Louis, Eugene Stubblefield, CMS and two John and/or Jane Does[1]. See Kutrip v. City of St. Louis, No. 4:05CV358 CEJ. Plaintiff claimed that the defendants in that action had been deliberately indifferent to his serious medical needs in violation of 42 U.S.C. § 1983. Plaintiff also claimed violations of the ADA, as well as the Rehabilitation Act, 42 U.S.C. §§ 701 et seq., and he additionally asserted state law claims for medical malpractice and negligence. During the course of the litigation, plaintiff voluntarily dismissed the action against defendants Jane and/or John Does. Plaintiff also voluntarily dismissed his claim against CMS for deliberate indifference to his serious medical needs. Defendants filed motions for summary judgment on plaintiff's statutory claims, which the Court granted on or about November 15, 2007. The Court then dismissed plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c). The matter is currently on appeal.

---

[1] The Jane and John Does were identified as a "licensed medical doctor," "registered nurses" and "agents, employees, contractors under the control and/or direction of [CMS]." Presumably, plaintiff was referring to the same CMS employees he has named in this lawsuit: Santiago Hallazago (physician); Rosalind Parrett (nurse); and/or Louis Capriglone (nurse).

## Discussion

Plaintiff has not made any specific allegations against defendants Stubblefield, McMorris, Parrett or Capriglone. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Stubblefield, McMorris, Parrett or Capriglone were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

As to defendants Hallazago, Darden and Dee, the complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the

official, *i.e.*, the City of St. Louis and/or CMS. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality or entity is responsible for the alleged constitutional violation. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 690-91 (1978). Although plaintiff has claimed generally that CMS and the City of St. Louis were deliberately indifferent to his serious medical needs, his complaint does not contain any allegations that a policy or custom of CMS and/or the City of St. Louis was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against defendants Hallazago, Darden, Dee, the City of St. Louis and CMS.

Although plaintiff has not indicated which defendants he believes violated the ADA, the Court finds that any claims for violations regarding the statute against the present defendants either were, or should have been litigated in his prior lawsuit. <u>See</u> <u>Tyus v. Schoemehl</u>, 93 F.3d 449, 453 (8th Cir. 1996) (elements of collateral estoppel); <u>Lane v. Peterson</u>, 899 F.2d 737, 742 (8th Cir. 1990) (listing elements of res judicata), <u>Poe v. John Deere Col.</u>, 695 F.2d 1103, 1105-06 (8th Cir. 1982) (explaining principles of res judicata; noting that final judgment on merits precludes relitigation of claim on any ground which could have been raised in prior action). As such, plaintiff's claims for violations of the ADA are legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 30th day of January, 2008.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE